1  **WO**                                                                                    RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rogelio Sanchez Orozco,           )   No. CV-10-1514-PHX-JAT (MEA)
                                  )
    Petitioner,                   )   **ORDER**
                                  )
vs.                               )
                                  )
Charles L. Ryan, et al.,          )
                                  )
    Respondents.                  )
                                  )

On July 16, 2010, Petitioner Rogelio Sanchez Orozco, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), a "Motion For Appointment Of Counsel" (Doc. 3), and a "Motion For Court Appointed Interpreter" (Doc. 4). The $5.00 filing fee has been paid.

The Court will deny Petitioner's Motions without prejudice and call for an answer to the Petition.

**I.     Petition**

Named as Respondent in the Petition is Charles L. Ryan. The Attorney General of the State of Arizona is named in the Petition as an Additional Respondent.

In his Petition, Petitioner challenges his August 20, 2003 judgment of conviction entered in the Maricopa County Superior Court in matter CR-2003-005560-001 DT for the following counts: (1) Sexual Conduct; (2) Sexual Conduct; (3) Sexual Abuse; (4) Child

- 1 -

Molestation; (5) Sexual Conduct; (6) Sexual Conduct; (7) Sexual Conduct; (8) Child Molestation; (9) Child Molestation; (10) Sexual Conduct; (11) Sexual Conduct; and (12) Child Molestation.

Petitioner alleges he was sentenced to terms of imprisonment for these counts as follows: (1) 20 years; (2) 20 years; (3) 5 years; (4) 17 years; (5) 20 years; (6) 20 years; (7) 20 years; (8) 17 years; (9) 17 years; (10) 20 years; (11) 20 years; and (12) 17 years.

Petitioner presents 11 grounds in the Petition in support of his request for habeas relief:

(1) "Whether, the State's trial court erred in denying the Petitioner's timely motion for change of counsel, thus violat[ing] the Petitioner's right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments of the United States Const. And Art. 2, §§ 4 and 24 of the AZ. Const. where Petitioner requested change of counsel prior to retrial?";

(2) "Whether the Petitioner's trial counsel ineffectively represented him, when his defense counsel failed to investigate, and to produce evidence available and material to an issue in support of defense requested by the Petitioner?";

(3) "Whether the Petitioner's trial attorney ineffectively represented [] the Petitioner - When that counsel failed to call to testify a relevant, competent, available, and favorable witness for his defense, thus such counsel's failure violated Petitioner's U.S. Constitutional Sixth, and Fourteenth Amendment[] rights to 'Compulsory Process Clause' to compel the attendance of witnesses in his own behalf?";

(4) "Whether the Petitioner's trial counsel ineffectively represented him - When that counsel failed to call at retrial to a[n] exculpatory or al[i]bi witness available, and competent to testify in his behalf, thus that trial's appointed counsel violated the Petitioner's U.S. Constitutional Sixth and Fourteenth Amendment[] rights to competent counsel and his right to 'Compulsory Process Clause' to compel the attendance of witnesses in his behalf[?]";

(5) "The Petitioner['s] State[] conviction or sentence violated the United States treaty, a federal law under the Vienna Convention on Consular Relations (VCCR) - When the Petitioner was detained, and arrested by (state) police, and police denied his right to access to a consular officer, upon Petitioner's request";

|   |   |
|---|---|
| 1 | (6) "Whether the Petitioner's trial counsel was ineffective, and denied the Petitioner's right to effective assistance of counsel under Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Art. 2 §§ 4, and 24 of the Ariz. Constitution[?]"; |
| 2 | |
| 3 | |
| 4 | (7) "Whether the Petitioner's trial attorney rendered ineffective assistance of counsel in waiving the Petitioner's 5th Amendment right to remain silent, self incrimination, without Petitioner's consent[?]"; |
| 5 | |
| 6 | |
| 7 | (8) "Whether the Petitioner's trial attorney rendered the ineffective assistance of counsel - When that counsel fail[ed] to object at trial to prosecutor misconduct at closing arguments?"; |
| 8 | |
| 9 | (9) "Whether the Petitioner's Constitutional or fundamental rights of Compulsory Process, Confrontation, due process, and assistance of counsel embodied in Fift[h], Sixth, and Fourteenth Amendment[s] of the United States Constitution and Arizona Constitution were violated - When his trial counsel fail[ed] to conduct a pretrial investigation, and raise at trial relevant evidence to explain [to] the jury why the alleged victims, and alleged victim's mother (state's witnesses) fabricate the sexual allegations?"; |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | (10) "Whether the Petitioner's conviction or sentence was in violation of the Unite[d] States Federal Constitution, and Ariz. Const. - Where the Petitioner's appellate counsel rendered the ineffective assistance of counsel for counsel's failure to raise and pursue the more potential, and obvious issues on the Petitioner's direct appeal, issues of Constitutional importance which required reversal?"; and, |
| 15 | |
| 16 | |
| 17 | |
| 18 | (11) "Whether the Petitioner's trial counsel was ineffective in failing to raise a pre-trial challenge to the State's Grand Jury or Grand Juror[?] This violated Petitioner's procedural right, and right to counsel, as guaranteed by Amendments 6 and 14 to the U.S. Constitution, whether Petitioner's counsel waived appellate consideration of the claim?" |
| 19 | |
| 20 | |

Petitioner affirmatively alleges that he has presented the issues in all of his grounds to the Arizona Court of Appeals, and that he has presented the issues in Grounds I, II, III, and IV to the Arizona Supreme Court. The Court will require an answer to the Petition.

## II. Pending Motions

### A. Motion for Appointment of Counsel

On July 16, 2010, Petitioner filed a "Motion For Appointment Of Counsel" (Doc. 3), in which he requests that the Court appoint an experienced counsel for him in this habeas

proceeding. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970); Eskridge v. Rhay , 345 F.2d 778, 782 (9th Cir. 1965)). However, the Court has discretion to appoint counsel when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2).

Petitioner has not made the necessary showing for appointment of counsel at this time. Accordingly, Petitioner's Motion will be denied without prejudice. If, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

**B. Motion for Court Appointed Interpreter**

On July 16, 2010, Petitioner also filed a "Motion For Court Appointed Interpreter" (Doc. 4), in which he requests that the Court appoint a qualified "Spanish-speaking" court interpreter to assist him in this habeas proceeding. Petitioner's Motion will be denied without prejudice. In the event that an evidentiary hearing is held in this matter, Petitioner may request that a court interpreter be in attendance.

**III. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to

1  comply may result in the filing being stricken without further notice to Petitioner.

**C.  Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED**:

(1)  Petitioner's "Motion For Appointment Of Counsel" (Doc. 3) and "Motion For Court Appointed Interpreter" (Doc. 4) are both **denied without prejudice**.

(2)  The Clerk of Court **must serve** a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)  Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)  Petitioner **may file** a reply within 30 days from the date of service of the answer.

//
//
//
//

(5) This matter is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 23rd day of August, 2010.

James A. Teilborg
United States District Judge