# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROGELIO SANCHEZ OROZCO, | )<br>) |
| Petitioner, | )  CIV 10-01514 PHX JAT (MEA)<br>) |
| v. | )  REPORT AND RECOMMENDATION<br>) |
| CHARLES L. RYAN, TERRY GODDARD, | )<br>) |
| Respondents. | )<br>) |

**TO THE HONORABLE JAMES A. TEILBORG:**

On or about July 16, 2010, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10) on October 4, 2010. Respondents contend the action for habeas relief should be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations. On April 18, 2011, Petitioner filed a reply (Doc. 22) to the answer to his petition, a motion (Doc. 23) to proceed *in forma pauperis* in this matter (Petitioner is already *in forma pauperis*), and a "Motion to Request Leave of the Court to File an Amended Habeas Corpus Petition," (Doc. 24), and also lodged a proposed amended habeas petition.

**I Procedural History**

A grand jury indictment returned January 9, 2003, charged Petitioner with twelve charges comprised of sexual conduct with a minor, sexual abuse, and molestation of a child. See Answer, Exh. D.  Three of the charges were dismissed prior to Petitioner's first trial.  Id., Exh. D.  At the conclusion of his first trial, the jury acquitted Petitioner on two counts and the jury could not reach a verdict on the other twelve counts. Id., Exh. D.

The remaining counts of the indictment were renumbered to reflect the acquittals and dismissals.  Id., Exh. A & Exh. D. Counts one through six involved one victim and counts seven through twelve involved a different victim.  Id., Exh. A & Exh. D.  Petitioner was tried on these charges and testified at his trial.  On August 20, 2003, after deliberating for less than three hours, a jury found Petitioner guilty as charged.  Id., Exh. B.  On September 26, 2003, the trial court sentenced Petitioner to concurrent and consecutive terms of twenty years imprisonment pursuant to seven of his convictions.  Id., Exh. C. Pursuant to all of his convictions, Petitioner received concurrent and consecutive sentences comprising a term of 174 years imprisonment.  Id., Exh. C & Exh. D & Exh. F.

Petitioner took a direct appeal of his convictions and sentences.  In his direct appeal Petitioner asserted the trial court committed fundamental error by allowing an expert to offer "profile evidence" on the characteristic behavior of child molesters.  Id., Exh. D.  On May 3, 2005, the Arizona Court of

-2-

1  Appeals affirmed Petitioner's convictions and sentences.  Id.,
2  Exh. F.  Petitioner filed a pro per petition seeking review of
3  the appellate court's decision by the Arizona Supreme Court,
4  which petition was rejected as untimely on August 24, 2005.
5  Id., Exh. G.
6       On June 16, 2005, Petitioner initiated an action for
7  state post-conviction relief pursuant to Rule 32, Arizona Rules
8  of Criminal Procedure.  Id., Exh. I.  Petitioner was appointed
9  counsel to represent him in his Rule 32 proceedings.  Appointed
10 counsel notified the trial court that they had reviewed the
11 record and could find no meritorious issues to raise on
12 Petitioner's behalf.  Id., Exh. J.  Petitioner filed a pro per
13 petition seeking Rule 32 relief, arguing he was denied his right
14 to the effective assistance of trial counsel because his counsel
15 did not fully investigate exculpatory evidence.  Petitioner also
16 alleged that the trial court erred by denying his motion to
17 change counsel.  Id., Exh. K.
18      On May 3, 2006, citing Rule 32.6(c) of the Arizona
19 Rules of Criminal Procedure, the trial court summarily dismissed
20 Petitioner's Rule 32 action.  Id., Exh. M.  The trial court
21 noted Petitioner's motion to change counsel had not been timely
22 made and that Petitioner's trial counsel had performed
23 sufficiently to achieve an acquittal on two counts and a hung
24 jury on twelve counts at the first trial.  Id., Exh. M.
25 Petitioner sought review of this decision, which was summarily
26 denied by the Arizona Court of Appeals on May 23, 2007.  Id.,
27 Exh. O.
28

On June 20, 2008, Petitioner filed a second action seeking state post-conviction relief. Id., Exh. P. In this Rule 32 action Petitioner alleged he was entitled to relief based on the United States Supreme Court's opinion in Blakely v. Washington. Petitioner also alleged his arrest and trial violated international law because he was not allowed to consult with the Mexican Consulate. Petitioner further asserted his trial counsel's performance was deficient, *inter alia* because counsel did not challenge racial discrimination in the jury selection; because counsel did not challenge the admission of the profile evidence; and because counsel allowed Petitioner to testify at his second trial. Petitioner further argued that his appellate counsel was unconstitutionally ineffective because appellate counsel failed to raise meritorious claims in Petitioner's direct appeal. Id., Exh. P.

On July 2, 2008, the state trial court dismissed Petitioner's second Rule 32 action, finding the claims precluded. Id., Exh. Q. Petitioner sought review of this decision, which was summarily denied by the Arizona Court of Appeals on October 2, 2009. Id., Exh. S.

In the habeas petition filed July 16, 2010, Petitioner asserts:

(1) that he was denied his right to the effective assistance of counsel by the trial court's denial of his request to change counsel, "where Petitioner requested change of counsel prior to retrial";

(2) that he was denied his right to the effective assistance of counsel because counsel "failed to investigate, and to produce evidence available and material to an issue in support of defense requested by the Petitioner";

(3) that he was denied his right to the effective assistance of counsel because counsel "failed to call to testify a relevant, competent, available, and favorable witness for his defense," which error also violated Petitioner's rights pursuant to the "Compulsory Process Clause";

(4) that he was denied his right to the effective assistance of counsel because at the second trial counsel failed to call an available alibi witness:

(5) "The Petitioner['s] State[] conviction or sentence violated the United States treaty, a federal law under the Vienna Convention on Consular Relations (VCCR) - When the Petitioner was detained, and arrested by (state) police, and police denied his right to access to a consular officer, upon Petitioner's request";

(6) that he was denied his right to the effective assistance of counsel;

(7) that he was denied his right to the effective assistance of counsel because counsel "in waiving the Petitioner's 5th Amendment right to remain silent, self incrimination, without Petitioner's consent";

(8) "that he was denied his right to the effective assistance of counsel because counsel "fail[ed] to object at trial to prosecutor misconduct at closing arguments?";

(9)

"Whether the Petitioner's Constitutional or fundamental rights of Compulsory Process, Confrontation, due process, and assistance of counsel ... were violated - When his trial counsel fail[ed] to conduct a pretrial investigation, and raise at trial relevant evidence to explain [to] the jury why the alleged victims, and alleged victim's mother (state's witnesses) fabricate the sexual allegations?";

(10) "Whether the Petitioner's conviction or sentence was in violation of the Unite[d] States Federal Constitution, and Ariz. Const. - Where the Petitioner's appellate counsel rendered the ineffective assistance of counsel for counsel's failure to raise and pursue the more potential, and obvious issues on the Petitioner's direct appeal, issues of Constitutional importance which required reversal?"; and,

(11) "Whether the Petitioner's trial counsel was ineffective in failing to raise a pre-trial challenge to the State's Grand Jury or Grand Juror[?] This violated Petitioner's procedural right, and right to counsel, as guaranteed by Amendments 6 and 14 to the U.S. Constitution, whether Petitioner's counsel waived appellate consideration of the claim?"

**II Analysis**

**Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is

-6-

entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2010). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

The Arizona Court of Appeals denied Petitioner's direct appeal on May 3, 2005. Petitioner's conviction became final 30 days later, on June 3, 2005, when the time for filing a petition for review to the Arizona Supreme Court expired. See Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007).

Petitioner, therefore, had until June 2, 2006, to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A) (2006 & Supp. 2010). However, the running of the one-year statute of limitations applicable to a petitioner's federal habeas action was tolled during the pendency of any "properly filed" action for state post-conviction relief. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). See also Allen v. Siebert, 552 U.S. 3, 5-7 (2007) (holding that the rule announced in Pace applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter" for determining whether a petitioner is entitled to tolling under § 2244(d)(2)); Carey v. Saffold, 536 U.S. 214, 226 (2002) (observing that if the state court held that the petitioner's delay in filing petition was "unreasonable" under state law, that would be "the end of the

-7-

matter" for tolling purposes); Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that state must prove that rules concerning time bars are "firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling"). See also White v. Martel, 601 F.3d 882 (9th Cir. 2010) (per curiam) (relying on Zepeda to reject petitioner's claim that state timeliness requirement was not regularly applied, stating, "the adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was 'properly filed' for purposes of section 2244(d)(2)").

On June 16, 2005, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, which tolled the running of the statute of limitations. The Arizona Court of Appeals denied review of the trial court's decision dismissing the Rule 32 action on May 3, 2007. Accordingly, the statute of limitations was tolled until that date. The statute of limitations then began to run on Petitioner's federal habeas action and expired on May 2, 2008. Petitioner's second action for state post-conviction relief did not toll the statute of limitations because the state court determined that it was not "properly filed," i.e., that Petitioner's claims did not provide an exception to the rule that any claim not presented in a direct appeal or first Rule 32 action is waived.

The statute of limitations with regard to Petitioner's federal habeas action expired on May 2, 2008. Therefore, the

-8-

habeas action filed July 16, 2010, was not timely because it was filed more than two years after the statute of limitations expired.

In response to the answer to his habeas petition, Petitioner asserts that

> "state-created 'external impediments'" have prevented his "exhaustion of federal claims in state courts" that would amount to "extraordinary circumstances," that would merit a granting of "equitable tolling," to excuse any perceived untimeliness upon reliance of Holland v. Florida, 130 S. Ct. 2049, 2063 (2010); and could ultimately merit relief if he returns to state court. Petitioner asks the Court to "Stay in Abeyance" these proceedings for 180 days to allow his return to state court on the unexhausted issues.

Doc. 22.

With regard to the timeliness of his habeas petition, Petitioner asserts that his conviction and sentence did not become final on May 3, 2005, because the Arizona Court of Appeals' decision was legally null and void. Id. at 4. Petitioner asserts that the decision was void because, inter alia, he was denied his right to the effective assistance of counsel in his direct appeal. Id. Petitioner also asserts that the ADOC does not provide adequate legal assistance to prisoners so that they may timely prosecute their habeas claims. Id. at 12. However, Petitioner asserts primarily that his efforts with regard to his direct appeal and his Rule 32 action were impeded by his placement in segregation and by "language barriers," and does not assert these impediments impaired his ability to file a habeas petition for the two years subsequent to the conclusion

of his first Rule 32 proceedings. Petitioner believes the impediment to consideration of his habeas claims is his failure to exhaust them in the state courts and asks the Court to stay this federal habeas action so that he may exhaust claims in the state courts.

The other arguments in Petitioner's response to the answer to his habeas petition challenge the validity of his conviction and assert he was denied his right to the effective assistance of counsel.

Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer,

1  592 F.3d at 1048-49; <u>Waldron-Ramsey</u>, 556 F.3d at 1011; <u>Miles v.
2  Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

3    Equitable tolling is to be rarely granted. <u>See</u>, e.g.,
4  <u>Waldron-Ramsey</u>, 556 F.3d at 1011; <u>Jones v. Hulick</u>, 449 F.3d 784,
5  789 (7th Cir. 2006); <u>Stead v. Head</u>, 219 F.2d 1298, 1300 (11th
6  Cir. 2000) (holding this remedy is "typically applied
7  sparingly"). The petitioner must establish a causal connection
8  between the alleged roadblock to their timely filing of their
9  federal habeas petition and the actual failure to file the
10 petition on time. <u>See</u> <u>Gaston</u>, 417 F.3d at 1034; <u>Lawrence v.
11 Florida</u>, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is
12 Petitioner's burden to establish that equitable tolling is
13 warranted in his case. <u>See</u> <u>Espinoza Matthews</u>, 432 F.3d at 1026;
14 <u>Gaston</u>, 417 F.3d at 1034.

15   A petitioner's *pro se* status, ignorance of the law, and
16 lack of representation during the applicable filing period do
17 not constitute circumstances justifying equitable tolling
18 because such circumstances are not "extraordinary." <u>See</u>, e.g.,
19 <u>Chaffer</u>, 592 F.3d at 1048-49; <u>Waldron-Ramsey</u>, 556 F.3d at 1011-
20 14; <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006);
21 <u>Shoemate v. Norris</u>, 390 F.3d 595, 598 (8th Cir. 2004).
22 Additionally, a federal habeas petitioner seeking equitable
23 tolling must also act with "reasonable" diligence "throughout
24 the period he seeks to toll." <u>Warren v. Garvin</u>, 219 F.3d 111,
25 113 (2d Cir. 2000). <u>See</u> also <u>Chaffer</u>, 592 F.3d at 1049; <u>Roy v.
26 Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006); <u>Jones v. Morton</u>, 195
27 F.3d 153, 159 (3d Cir. 1999).

28

### III Conclusion

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Orozco's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 3rd day of May, 2011.

_____
Mark E. Aspey
United States Magistrate Judge