**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rogelio Sanchez Orozco, | No. CV 10-01514-PHX-JAT |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's petition for writ of habeas corpus. (Doc. 1). This case was referred to a Magistrate Judge who issued a Report and Recommendation (Doc. 25) recommending that this Court find that the Petition in this case is barred by the statute of limitations.

In reviewing a Report and Recommendation ("R&R"), this Court must conduct a de novo review of any portion of the R&R to which either party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). Because Petitioner has objected to the recommendation that this Court find his Petition is barred by the statute of limitations, the Court will review the Petition de novo.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations from when a conviction becomes final for a defendant to file a habeas petition. 28 U.S.C. § 2244(d). In this case, Petitioner's conviction became final in 2005. (*See* Doc. 10-2 at 2 (the Arizona Court of Appeals decision affirming Petitioner's conviction

was filed May 3, 2005)). Petitioner in this case filed his habeas petition in 2010. (Doc. 1). Thus, the Petitioner is beyond the one year statute of limitations unless he can show that he is entitled to statutory and/or equitable tolling.

Statutory tolling is available any time Petitioner has a properly filed application for state post-conviction relief pending in state court. 28 U.S.C. § 2244(d)(2) (2006); *see Artuz v. Bennet*, 531 U.S. 4, 8 (2000); *see also Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008). An untimely filed petition for post-conviction relief is not properly filed and does not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). However, if a petitioner has been pursing his rights diligently and some extraordinary circumstance stood in his way to prevent timely filing, then the statute of limitations will be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2562–63 (2010).

In this case, the Arizona Court of Appeals affirmed Petitioner's direct appeal on May 3, 2005. (Doc. 10-2). Petitioner's time for filing a petition for review to the Arizona Supreme Court expired on July 6, 2005.[1] (Doc. 10-2 at 19). Petitioner filed a petition for review filed with the Arizona Supreme Court on July 26, 2005. Because this petition was beyond the July 6, 2005 deadline it was untimely and did not statutorily toll the AEDPA statute of limitations.

However, on June 16, 2005, prior to when Petitioner's time to appeal to the Arizona Supreme Court expired, Petitioner filed an action for state post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, which further statutorily tolled the statute of limitations. (Doc. 10-2 at 24). The Arizona Court of Appeals denied review of the trial court's dismissal of the Rule 32 action on May 23, 2007. (Doc. 10-3 at 56). Petitioner correctly asserts that the statute of limitations did not begin to run until after the Arizona Supreme Court denied the petition for review for post-conviction relief on November 29,

---

[1] Petitioner received an extension for filing a petition for review by the Arizona Supreme Court, extending Petitioner's deadline from June 3, 2005 to July 6, 2005. (Doc. 10-2 at 19).

2007.[2] (Doc. 38 at 21).

Petitioner filed a second action for state post-conviction relief on June 20, 2008, 204 days after the statute of limitations began to run. (Doc. 10-3 at 58). The Arizona Court of Appeals denied review of the trial court's dismissal of the second Rule 32 action on October 2, 2009. (Doc. 10-4 at 45). Petitioner's time to file an appeal to the Arizona Supreme Court expired on November 1, 2009.

The R&R concluded that this second post-conviction relief petition did not toll the statute of limitations, either by statutory or equitable tolling because the state court determined it was not properly filed. (Doc. 25 at 8). Petitioner objects to this conclusion and argues that he should receive equitable tolling for the time this second post-conviction relief petition was pending because of state-created external impediments to his ability to exhaust his federal claims in the state courts. (Doc. 38 at 7 n.2). Even if the Court assumes for purposes of this Order that Petitioner was entitled to equitable tolling while this second petition was pending, his federal habeas petition is still untimely. Specifically, 204 days passed from the end of the direct appeal of the first post-conviction relief petition to the second request for post-conviction relief, and 257 days passed between the conclusion of the state court review of the second post-conviction relief petition and the filing of this habeas petition: from November 1, 2009 to July 16, 2010, 461 days in total. Thus, even applying equitable tolling to the time the second petition was pending, the petition is still untimely unless Petitioner argues a further basis for equitable tolling.

Petitioner makes this further argument that a confluence of other factors prevented him from filing a timely petition even though he acted with reasonable diligence. (Doc. 38 at 8, 16). Petitioner argues that his placement in a "super max" facility, his language barrier,

---

[2]Here, Petitioner was not entitled to tolling for the 90 days to appeal to the United States Supreme Court from when the state court denied his post conviction relief petition. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Also, the Court is modifying the R&R to statutorily toll the time until the Arizona Supreme Court denied the first petition for post-conviction relief.

- 3 -

and lack of access to a paralegal disabled him and made it impossible to timely file this habeas petition. (*Id.*) The Ninth Circuit Court of Appeals has held that there is no per se rule that a petitioner's language barrier can justify equitable tolling and tolling is only justified "if language barriers actually prevent timely filing." *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006).

Here, Petitioner has asserted that he was incapable of comprehending English, impairing his ability to file a habeas petition. (Doc. 38 at 9). Petitioner requested three motions for extension of time to file his reply to the Respondents' Answer, all citing language as an issue. (Doc. 11, Doc. 13, Doc. 15). However, in Petitioner's habeas petition, he did not list any reasons as to why he is filing after the one-year statute of limitations ran. (Doc. 1 at 35).

A petitioner must demonstrate that during the running of the one-year statute of limitations he diligently tried to procure legal materials in his own language or assistance with translations. *Mendoza*, 449 F.3d at 1070. Prior to the statutory deadline, if a petitioner "demonstrates proficiency in English or [] has the assistance of a translator" the petitioner is barred from equitable relief. *Id.*

Petitioner has not demonstrated that he diligently, yet unsuccessfully, tried to obtain legal materials or assistance during the one-year period. During that time, Petitioner *in propria persona* filed documents seven times with the state courts. Specifically, Petitioner filed from the "super max" facility on November 11, 2005 a petition for post-conviction relief and amended this petition on December 28, 2005. (Doc. 1-3 at 2; Doc. 1-13 at 10). Petitioner filed documents with the Arizona Court of Appeals relating to his first post-conviction relief petition on June 2, 2006 and July 6, 2006 as well as with the Arizona Supreme Court on June 22, 2007. (Doc. 1-10 at 2, 56; Doc. 1-11 at 2). Petitioner also filed his second post-conviction relief petition without representation on June 8, 2008. (Doc. 1-14 at 2). Further, in this June 8, 2008 petition, he requested assistance from an attorney. (Doc. 1-15 at 9). Finally, Petitioner filed his petition for review of the dismissal of his second post-conviction relief petition with the Arizona Court of Appeals on July 10, 2008. (Doc. 1-16

at 2). Thus, Petitioner has failed to demonstrate that he used reasonable diligence and that he did not have access to legal materials in his language or legal assistance impeding his ability to file his federal petition.

Petitioner's final objection is "prosecutorial misconduct." Specifically, Petitioner argues an intentional lack of assistance for non-English speaking inmates and other misconduct. (Doc. 38 at 3–4). As identified above, Petitioner did not demonstrate a lack of language assistance and the rest the misconduct allegations are unsupported.[3] (*Id.*) Accordingly, having considered Petitioner's further arguments for equitable tolling, and rejecting them the Court finds the petition in this case is untimely.

Thus, because the Petition is barred by the statute of limitations,

**IT IS ORDERED** that the Report and Recommendation (Doc. 25) is accepted in part and modified in part as specified above. Petitioner's objections (Doc. 38) are overruled, the Petition is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Reopen Proceedings (Doc. 39) and Application to Proceed *In Forma Pauperis* (Doc. 23) are denied as unnecessary.

**IT IS FURTHER ORDERED** that Petitioner's motion to file an amended habeas petition (Doc. 24) is denied as futile because it does not raise any new issues relevant to the timeliness of the petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay and Abeyance (Doc. 22) is denied because the statute of limitations has already run and stay and abeyance is appropriate where Petitioner has good cause for failing to exhaust claims in state court and the claims have merit. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In *Rhines*, the United States Supreme Court considered when staying a proceeding would be appropriate, including

---

[3]For example, Petitioner argues the Arizona Attorney General's office failed to ensure fairness with inmates access to the courts. Specifically, Respondent improperly claimed Petitioner's habeas petition is time barred because Respondent "knew" non-English speaking inmates received limited and unsupervised assistance from paralegals. (Doc. 38 at 3–4).

- 5 -

"petitioners who file close to the AEDPA deadline" and "even a petitioner who files early." *Id.* at 275. The AEDPA deadline has already passed and a stay-and-abeyance order cannot toll or reset the expired time limit.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 7th day of February, 2012.

_____
James A. Teilborg
United States District Judge